IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TARA NICOLE PREAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-2729-JTF-dkv |
| vs. | ) | |
| | ) | |
| FIRST TENNESSEE BANK, | ) | |
| FIRST HORIZON NATIONAL, | ) | |
| FTN FINANCIAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AMENDED REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On September 18, 2013, the plaintiff, Tara Nicole Prean ("Prean"), filed a *pro se* complaint against the defendants, First Tennessee Bank ("First Tennessee"), First Horizon National ("First Horizon"), and FTN Financial ("FTN"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., D.E. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (Mot., D.E. 2.) On September 24, 2013, the court issued an order granting Prean leave to proceed *in forma pauperis*. (Order, D.E. 5.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

Prean filed her complaint on a court-supplied form styled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Prean alleges that First Tennessee discriminated against her on the basis of race by not allowing her to take the Series 99 training program. (Compl., D.E. 1 ¶ 9.)

In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Prean wrote:

> On or around August 2nd and 3rd 2012, I was denied the opportunity to take the Series 99 exam. I was advised that it is a compliance issue and that only supervisors can take the test. However, I am aware some or all non-supervisory white employees have been allowed to take the test and none of the non-supervisory black employees were allowed to take Series 99 exam.

(*Id.* ¶ 10.)

The complaint states that Prean filed charges against First Tennessee with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2012, and that the EEOC issued a Notice of Right to Sue, upon her request, which was received by her on June 19, 2013. Attached to her complaint is the right-to-sue notice mailed by the EEOC on June 19, 2013. For relief, Prean seeks payment of damages by the defendant. (*Id.* ¶ 12.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625,

629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation

marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Prean's Claims Against First Horizon and FTN

Although Prean lists First Horizon and FTN as defendants in the style of her complaint, she does not identify them as defendants in the body of her complaint, specifically paragraph 3 of the complaint. She lists First Tennessee Bank as the only defendant in the body of

the complaint. Nor does the body of the complaint contain any factual allegations whatsoever against First Horizon or FTN as to their role in the alleged discrimination. Accordingly, it is recommended that the complaint against First Horizon and First Tennessee be dismissed for failure to state a claim.

D.  Prean's Title VII Claim Against First Tennessee

The essential elements of a Title VII discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she was qualified for the position; and (4) that either similarly situated non-protected employees were treated more favorably or she was replaced by someone outside her protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

The factual allegations in Prean's complaint are sufficient for the court to infer the essential elements of a race discrimination claim and to put First Tennessee on fair notice of Prean's claim and the grounds upon which it rests. In the instant case, Prean alleges that she was discriminated against based on her race, implying that she is a member of a protected class although she never states her race in the complaint; that she suffered an allegedly adverse action in that she was denied the opportunity to take the Series 99 exam, which presumably would amount to a promotion if she were successful; that she is a non-supervisory employee and that other non-supervisory employees were allowed to take the test, implying that she was qualified to take the test; and that other similarly situated

6

non-supervisory, non-protected white employees were allowed to take the test.

Under 42 U.S.C. 42 U.S.C. § 2000e-5(f)(1), an employee seeking relief under Title VII must file a civil action within ninety days of the receipt of the notice of right to sue from the EEOC. *McGhee v. Disney Store*, 53 F. App'x 751 (2002), No. 02-5420, 2002 WL 31780928, at *1 (6th Cir. Dec. 11, 2002)(approving dismissal of *pro se* plaintiff's disability discrimination complaint under the ADA as time-barred for failure to file within 90 days of receipt of right-to-sue notice); *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648-49 (6th Cir. 1998)(affirming dismissal of Title VII complaint for failure to file complaint within 90 days of receipt of right-to-sue letter). The ninety-day requirement is a timing requirement similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed. *Truitt*, 148 F.3d at 646-47. A plaintiff must demonstrate to the court that the time limit for filing his lawsuit has not expired. "A complaint is filed when it along with an application to proceed in forma pauperis are presented to the clerk's office and the clerk's office takes possession of the complaint and the application is granted." *Id.* at 647 (citing *Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 671 (6th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992).

According to her complaint, Prean actually received the Notice of Right to Sue on June 19, 2013.[1] (Compl., D.E. 1 ¶ 8.) In considering whether a complaint states a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Therefore, the court accepts as true Prean's allegation that she received the right-to-sue notice on June 19, 2013. The right-to-sue notice expressly advised Prean that "[y]our lawsuit must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." (Compl., Ex. 1, D.E. 1-1.) Prean did not file this lawsuit until September 18, 2013, which is 91 days after receipt by Prean of the Notice of Right to Sue from the EEOC. "The ninety-day period applies to all plaintiffs, even those proceeding *pro se*, and so much as one day's delay is fatal to a claim." *Simns v. Maxim*

---

[1] When it is unclear when the notice of right to sue was received, there is a presumption in the Sixth Circuit that it was received by the addressee within five days of the date it was mailed by the EEOC. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988); *Vinson v. The Kroger Co.*, No. 3-06-1158, 2007 WL 1623851, at *2 (M.D. Tenn. June 1, 2007). If the presumption were applied, Prean would have had ninety days from June 24, 2013, in which to commence a lawsuit, that is, until September 22, 2013. Because September 22, 2012, fell on a Sunday, she had through the next day, September 23, 2013, to commence a lawsuit. Prean filed her complaint with the clerk's office along with an application to proceed *in forma pauperis* on September 18, 2012. Thus, her complaint and application would have been submitted to the Clerk's office within the ninety-day period. Here, the presumption is not applicable because she affirmatively states that she actually received the notice on June 19, 2013.

*Healthcare Servs., Inc.*, Nos. 11-1052, 12-1016, 12-2026, 2013 WL 435293, at *4 (W.D. Tenn. Feb. 4, 2013). Thus, Prean failed to initiate this lawsuit within 90 days after receiving the notice of right to sue.

The time limitations for filing discrimination actions, however, are not jurisdictional. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). The Supreme Court has held that the limitations period for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." *Id.* That analysis has also been applied to the ninety-day period that commences with the receipt of the right-to-sue letter. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007); *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). "Equitable tolling, or waiver . . . is available only in compelling cases which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The factors "relevant to a determination of whether equitable tolling should be allowed" are "(1) lack of notice of the filing requirement;

9

(2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon*, 481 F.3d at 331; *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). "[T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Amini*, 259 F.3d at 500 (internal citation omitted); *see also Dixon*, 481 F.3d at 331.

Applying these standards, the Sixth Circuit has consistently rejected the most common arguments made by plaintiffs in favor of equitable tolling. Thus, for example, claims that a *pro se* plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time periods are insufficient to justify tolling:

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

*Graham-Humphreys, Inc.*, 209 F.3d at 560-61; *see also Johnson v. U.S. Postal Serv.*, No. 86-2189, 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Moreover, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable

tolling in the absence of an "independent basis for invoking the doctrine." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984)(per curiam). In *Baldwin County Welcome Center v. Brown*, the Supreme Court gave examples of conduct that would and would not justify equitable tolling:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin Cnty.*, 466 U.S. at 151.

Here, Prean has not stated any reason why she did not file her complaint within ninety days of the date of receipt of the right-to-sue letter from the EEOC. The sparse allegations in the complaint are not sufficient to justify equitable tolling in this case. Accordingly, Prean's complaint is time-barred, and therefore fails to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Prean's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this 10th day of October, 2013.

> s/Diane K. Vescovo
> DIANE K. VESCOVO
> UNITED STATES MAGISTRATE JUDGE

11

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.