IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TARA NICOLE PREAN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 13-2729-JTF-dkv |
| FIRST TENNESSEE BANK, FIRST HORIZON BANK, and FTN FINANCIAL, | ) | |
| Defendants. | ) | |

ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE'S
AMENDED REPORT AND RECOMMENDATION, DIRECTING A SUMMONS TO ISSUE
AND TERMINATING PLAINTIFF'S MOTION TO AMEND AS MOOT

Before the Court is the Magistrate Judge's Amended Report and Recommendation filed on October 10, 2013 that recommends dismissal of Plaintiff's employment discrimination action. (DE #7). On October 23, 2013, the Court granted Plaintiff additional time in which to file any objections. (DE #9). On November 12, 2013, Plaintiff filed her objections to the Magistrate Judge's Amended Report and Recommendation. (DE #11).

The Court has reviewed *de novo* the Magistrate Judge's Report and Amended Report and Recommendations, the legal analysis, Plaintiff's objections and the entire record. The Court finds the Magistrate Judge's Amended Report and Recommendation should be Adopted in Part and Rejected in Part, a Summons should issue and Plaintiff's Motion to Amend her

Complaint terminated as Moot.

## II.  <u>LEGAL STANDARD</u>

Plaintiff initiated this matter on September 18, 2013, without legal representation. On September 19, 2013, this matter was referred to the Magistrate Judge for administration, determination, or for report and recommendation of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. Rule Civ. P. 1. In screening the complaint to determine whether a summons should issue under 28 U.S.C. § 1915(e)(2) or whether the case should be dismissed under Fed. Rule Civ. P. 12(b)(6), the Magistrate Judge issued a report and amended report, recommending that Plaintiff's complaint be dismissed as time barred.

The district judge must review the magistrate judge's proposed findings of fact and recommendations in dispositive motions *de novo*.  See 28 U.S.C. §636 (b)(1)(C);  *Baker v. Peterson*, 67 Fed. App'x. 308, 311, (6th Cir. 2003).

## III. <u>ANALYSIS</u>

Tara Nicole Prean has filed this case against her employer First Tennessee Bank, as well as, First Horizon National and FTN Financial, alleging race discrimination in violation of Title VII, 42 U.S.C. 2000 (e), *et seq.*  Plaintiff asserts that while employed with First Tennessee, she has been denied the right to take a Series 99 examination while other non-supervisory white

employees had been allowed to test.  She filed her charge with

the Equal Employment Opportunity Commission and received a

Notice of Right to Sue on June 19, 2013.

In her report and recommendation, the Magistrate Judge

recommended that the case be dismissed for failure to state a

claim pursuant to Fed. Rule Civ. P. 12(b)(6). The Magistrate

found two issues regarding Prean's complaint: 1) finding that

Plaintiff had failed to assert any factual basis for her claims

against two of the three named defendants; and 2) for failing to

meet the 90-day filing requirement for Title VII actions. The

Court will examine both issues in turn.

A. Prean's Claims Against First Horizon and FTN

Prean lists First Tennessee Bank, First Horizon National,

and FTN Financial as defendants in the style of the case.

However, Prean only names First Tennessee Bank as the defendant

in her complaint. Further, Prean fails to reference any factual

allegations in the body of the complaint against either First

Horizon National or FTN Financial. Only in Plaintiff's

objections to the Magistrate's report, does she add any

information regarding her employment relationship since 2004

with FTN Financial, a division of First Tennessee Bank.

Regarding FTN Financial, Prean asserts in her objections to

the Magistrate's report, that she earned her Bachelors and

Masters of Science degrees while working within the Financial

Capital Markets division of First Tennessee National. She seems to imply that her superiors overlooked her requests for information regarding opportunities as well as denied her promotional opportunities. The objections also contain allegations of other racially discriminatory incidences that occurred during her employment with FTN Financial. Ultimately, Prean's complaint and her objections make no reference at all to her relationship with First Horizon or any perceived discriminatory practices.

As such, the Magistrate determined that Prean's complaint was devoid of any definitive claims of employment discrimination against either FTN Financial or FTN Financial Capital. The Court finds the Magistrate's determination in this regard absolutely correct. The Court adopts this portion of the Magistrate's report and recommendation and finds that Prean's Title VII action against First Horizon National and FTN Financial should be dismissed.

B. Prean's Title VII Claims Against First Tennessee

As stated, Prean lists First Tennessee Bank as a Defendant in the style and body of the complaint in paragraph three. Prean alleges First Tennessee denied her the ability to test for a possible promotion unlike other non-supervisory white employees. Based on these allegations, the Magistrate concluded that Prean had made a sparse, yet sufficient, claim of employment

4

discrimination based on race against First Tennessee. The Court

agrees with the Magistrate's determination, that the complaint

against First Tennessee should not be dismissed for failure to

state a claim pursuant to Fed. Rule Civ. P. 12(b)(6).

C. Did Prean Satisfy the Ninety-Day Filing Requirement

Although the Magistrate concluded that Prean had made a

sufficient claim of employment discrimination against First

Tennessee, she determined that Prean's case should be dismissed

as time-barred. Specifically, the Magistrate's report provided

that Plaintiff filed her case on September 18, 2013, ninety-one

(91) days after receiving her Notice of Right to Sue and one-day

too late.[1]  Finally, the Magistrate concluded that equitable

tolling was inapplicable in this case, rendering Plaintiff's

case time-barred.

Plaintiff objected to the Magistrate's report that her

complaint was untimely filed based on the conclusion that she

did not file her action by September 17, 2013, within ninety

days from June 19, 2013. In support of her objections, Plaintiff

states that it is illogical that she would have received the

Notice of her Right to Sue on June 19, 2013, the same date it

---

[1]The Magistrate's report addresses the presumption in Sixth Circuit case law that a party-addressee receives a Notice of Right to Sue within five days of the date it was mailed. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) and *Vinson v. The Kroger Co.*, No. 3-06-1158, 2007 WL 1623851, at *2 (M.D. Tenn. June 1, 2007).  However, the Magistrate's report calculates the ninety-day period from June 24, 2013 as September 22, 2013, a Sunday. As such, the Magistrate concluded Prean had until September 23, 2013, to file her suit, rendering her complaint timely.

was mailed.  She now asserts the Notice of her Right to Sue was actually received on June 21, 2013, making her case timely filed.[2]  In Plaintiff's objections, she explains that since 2004, she had been employed with FTN Financial, a division of First Tennessee Bank. Upon a *de novo* review of Plaintiff's objections and her complaint, the Court concludes the Magistrate's report on this issue should be adopted.

In employment discrimination cases filed under Title VII, the failure to file within the ninety-day statutory time frame is treated in the same manner as a failure to file within the statute of limitations. *Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998). Therefore, the ninety-day requirement is subject to waiver, estoppel and equitable tolling. *Id.* Equitable tolling generally applies when the litigant fails to meet certain deadlines because of circumstances beyond his or her control. *Graham – Humphreys v. Memphis Brook Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

The Sixth Circuit has adopted a five-factor test to determine whether equitable tolling applies: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's

---

[2] Plaintiff erroneous asserts that she was within the 180 days required to file when the statute actually permits only 90 days from receipt of the Right to Sue notice in which to file the matter in district court.  42 U.S.C. §2000 (e).

reasonableness in remaining ignorant of the particular legal requirement. *Truitt*, 148 F.3d at 648. Notably, federal courts sparingly allow equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

Plaintiff's objections do not request an equitable tolling of the ninety-day filing requirement. Instead, Plaintiff now indicates that she actually received her Right to Sue letter on June 21, 2013, instead of on June 19, 2013.  The Court acknowledges that the EEOC's Notice of Right to Sue form is dated June 19, 2013.[3]  On September 18, 2013, Plaintiff asserts that "[t]he Equal Employment Opportunity Commission issued a Notice of Right to Sue that was received by plaintiff on 19 June 2013."[4] The Magistrate's conclusion that Prean failed to initiate the lawsuit within ninety days after receiving the Notice of Right to Sue appears to be correct.

However, the Court makes reference to Plaintiff's contention that she could not have actually received the Right to Sue Notice by mail on June 19, 2013, the date the form was filed stamped as mailed. It appears to the Court that Prean erred when she filled out the complaint form. As such, the Court finds that because the date of receipt of the EEOC's Notice of

---

[3] DE #1-1.
[4] DE #1, Number 8.

Right to Sue is unclear, Plaintiff is allowed five additional days to the date the EEOC mailed the Right to Sue Notice in which to file her case. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 944 (W.D. Tenn. 2001); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90(1974). The five-day presumption from the date-of-mailing rule applies in this case. *Banks*, 855 F.2d at 326. Therefore, Plaintiff did not miss the filing deadline of September 23, 2013, and the Court rejects the Magistrate's determination that Prean's complaint was untimely filed.

## CONCLUSION

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate's Judge's Amended Report and Recommendation to Dismiss *sua sponte* Plaintiff's complaint pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii) and Fed. Rule Civ. P. 12(b)(6). As such, the Court DISMISSES without prejudice Defendants First Horizon National and FTN Financial. The Court will deem Plaintiff's Motion to file an Amended Complaint, DE #10, filed on November 12, 2013, as a supplemental pleading

pursuant to Fed. Rule Civ. P. 15 (d).[5] Accordingly, the Court

Orders the Clerk to issue a summons of the Complaint, DE #1, and

Amended Statement of Complaint, DE #10, for Defendant First

Tennessee Bank pursuant to Fed. Rule Civ. P. 4(c)(3) and 28

U.S.C. § 1915. Based on this ruling, Plaintiff's Motion to file

an Amended Complaint is rendered MOOT.

IT is SO ORDERED on this 23rd day of December, 2013.


*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Fed. Rule Civ. P. 15(d) provides in part that, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading is to be supplemented. Plaintiff has alleged additional events that occurred after her filing date of September 18, 2013, in order to support her claims of employment discrimination. See ¶(g).